Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com

Counsel for Plaintiff
Global Weather Productions, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| GLOBAL WEATHER PRODUCTIONS, LLC and EVAN LUDES, | CASE NO.: 2:25-cv-05300 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR INTELLECTUAL PROPERTY INFRINGEMENT AND REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION** |
| v. | |
| ARMENIAN MEDIA GROUP OF AMERICA, INC., | **(INJUNCTIVE RELIEF DEMANDED)** |
| Defendant. | |

GLOBAL WEATHER PRODUCTIONS, LLC and EVAN LUDES, by and through their undersigned counsel, hereby brings this Complaint against Defendant ARMENIAN MEDIA GROUP OF AMERICA, INC., for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff GLOBAL WEATHER PRODUCTIONS, LLC ("GWP") and EVAN LUDES ("Ludes") (collectively "Plaintiffs"), bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, publicly perform, and distribute original copyrighted Works of authorship and for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202.

2. Defendant ARMENIAN MEDIA GROUP OF AMERICA, INC. ("AMGA") is a company located in Southern California that produces daily programs on basic cable and the internet broadcast in Armenian, Russian, and English, 24 hours a day, 7 days a week. AMGA's programs include a wide variety of entertainment programs and guest appearances from all over. In addition to broadcasting in Southern California, AMGA makes its programs available all over the United States, Canada, and Mexico through the GlobeCastWorld TV Satellite. At all times relevant herein, AMGA owned and operated the Facebook Account "AMGA TV" at the URL: https://www.facebook.com/amgatv/ (the "Website") and the YouTube Channel @AMGA News (the "Channel").

3. Plaintiffs allege that AMGA copied Plaintiffs' copyrighted Works from the internet in order to advertise, market and promote its business activities. AMGA committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of AMGA's business.

## JURISDICTION AND VENUE

4. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

6. Defendant is subject to personal jurisdiction in California and jurisdiction is proper in this district court.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, AMGA engaged in infringement in this district, AMGA resides in this district, and AMGA is subject to personal jurisdiction in this district.

**Plaintiffs**

8. GWP is a professional videography company. GWP manages and stores Clement's collection of copyrighted works, overseeing the distribution of his creative pieces to various individuals and organizations. This arrangement allows for centralized control and administration of Clement's intellectual property, streamlining the licensing and distribution of his works across different media platforms.

9. GWP's videos of extreme weather events are frequently copied, downloaded, and reuploaded by infringers. GWP's videos are a popular and frequent source of footage of weather events that cannot be obtained elsewhere. This makes GWP a frequent target for infringers and pirates.

10. GWP is a Wyoming Limited Liability Company. GWP was founded May 31, 2023. Michael Brandon Clement is the sole propriotor/owner of GWP.

11. Michael Brandon Clement is a videographer and a syndicator of award-winning videographic content. He travels around the globe documenting hurricanes, flooding, blizzards, volcanoes, and climate change impacts.

12. GWP's affiliate company, WXchasing, also owned by Mr. Clement, operates a popular and valuable YouTube channel on the YouTube platform. As of the filing of this Complaint:

    a. WXchasing has over 170,000 subscribers and 250 videos on its channel on YouTube; the most popular WXchasing video had over 8.5 million views; had over 395,000 Followers and 299,000 Likes on Facebook; had over 28,000 Followers and 970 Following on Twitter; had over 4900 Followers and 180 Following on

Instagram; and had over 2,500 Followers and 60 Following with 74,000 Likes.

13. GWP's videos are viewed by substantial numbers of California residents who also view advertising placed on the videos on those channels by the streaming platform.

14. Evan Ludes ("Ludes") is a professional storm chaser and nature photographer with over 18 years of experience documenting extreme weather and natural landscapes throughout South Dakota and the Midwest. His work includes photography and videography of snowstorms, supercells, lightning, insects, abandoned structures, and rural scenery. Mr. Ludes' work has been featured on major national media outlets, including Good Morning America, CBS Evening News, NBC Nightly News, The Today Show, The Weather Channel, and Weather Nation, as well as on several local news stations. He made his first national television appearance at age sixteen in an interview with The Weather Channel's Carl Parker. His photography has also appeared on book and album covers, most notably the cover of Robert Oldshue's November Storm. Mr. Ludes is recognized as a skilled visual artist whose body of work contributes to public awareness and appreciation of natural phenomena.

## THE COPYRIGHTED WORKS AT ISSUE

15. The authors of the Works at issue are listed in **Exhibit 1,** along with the URLs where the Works can be found online.

16. The Works at issue in this case are registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). Copies of the Registration Certificates are attached hereto as **Exhibit 2**.

17. At all relevant times, Plaintiffs were the exclusive agents of the Works at issue in this case.

# **DEFENDANT**

18. ARMENIAN MEDIA GROUP OF AMERICA, INC. is a California Corporation with its principal place of business at 1520 West Glenoaks Boulevard, Glendale, California, 91201-1987, and can be served at the same address.

19. Defendant ownes and operates the Facebook Account "AMGA TV" located at the following URL: https://www.facebook.com/amgatv/

20. Defendant also owns and operates the YouTube Channel @AMGANEWS; https://www.youtube.com/@AMGANews

21. Defendant copied and downloaded Plaintiffs' copyrighted Works from the internet.

22. After Defendant downloaded the Works, it edited the Works, removing copyright management information, and then uploaded infringing versions of infringing versions of the Works to its website and YouTube Channel.

23. Defendant's infringement of the Works are evidenced by the documents attached hereto as **Exhibit 3**.

24. Defendant copied Plaintiffs' Works in order to advertise, market, and promote its Facebook and YouTube accounts, grow its subscriber base, earn money from advertising to its followers and subscribers, and engage in other money-making business activities using Plaintiffs' copyrighted media content.

25. Defendant committed the violations alleged in connection with Defendant' businesses for purposes of advertising to the public, including Facebook and YouTube viewers in California, in the course and scope of the Defendant' business.

26. Defendant had access to and downloaded Plaintiffs' copyrighted Works hosted by YouTube from Plaintiffs' YouTube channel and/or Facebook pages online.

27. Once downloaded, Defendant edited the pirated videos to remove or crop out Plaintiffs' proprietary watermarks and metadata. After editing the pirated videos, Defendant combined the Plaintiffs' videos with other video content it either stole from

others or created themselves and then reupload the resulting video to its Facebook or YouTube pages/channels and enabled advertising on them to earn monetization revenue.

## INFRINGEMENT BY DEFENDANT

28. Defendant have never been licensed to use the Works at issue in this action for any purpose.

29. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendant copied the Works and removed Plaintiffs' copyright management information from the Works.

30. Defendant copied the Works, publicly performed the Works, made further copies and distributed the Works on the internet without Plaintiffs' or the authors' permission, and without Plaintiffs' copyright management information.

31. To date, the parties have failed to resolve this matter.

## COUNT I - COPYRIGHT INFRINGEMENT

32. Plaintiffs incorporate the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiffs own valid copyrights in the Works at issue, which were registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). The Certificate of Registration is attached hereto as **Exhibit 2**.

34. Defendant copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Plaintiffs' authorization in violation of 17 U.S.C. § 501. Screenshots of the unauthorized uses are attached hereto as **Exhibit 3**.

35. Defendant profited from the monetization of Plaintiffs' copyrighted content by placing advertising on the Plaintiffs' Works and those profits rightfully belong to Plaintiffs.

36. Defendant's acts were willful.

37. Plaintiffs have been damaged.

38. The harm caused to Plaintiffs is irreparable.

## COUNT II - REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

39. Plaintiffs incorporate the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

40. The Works at issue in this case contained copyright management information ("CMI") consisting of watermarks identifying the Works such as "NOT FOR BROADCAST," WXchasing, or similar markings that Plaintiffs use to identify and associate themselves with the Works.

41. Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

42. Defendant committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiffs' rights in the Works at issue in this action protected under the Copyright Act.

43. Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiffs' rights in the Works at issue in this action protected under the Copyright Act.

44. Plaintiffs have been damaged.

45. The harm caused to Plaintiffs has been irreparable.

## COUNT III - FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

46. Plaintiffs incorporate the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

47. Defendant knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false.

48. By uploading content to Facebook and/or YouTube, Defendant declared that it had the necessary rights or permissions to distribute and share that content.

49. Defendant's Facebook page and YouTube Channel provide identifying information for Defendant. This information is copyright management information that has falsely claimed ownership or rights in the Works displayed there. This false information was provided to induce, enable, facilitate, or conceal infringement of Plaintiffs' Works in violation of 17 U.S.C. § 1202(a).

50. Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiffs' rights in the Works at issue in this action protected under the Copyright Act.

51. Plaintiffs have been damaged.

52. The harm caused to Plaintiffs has been irreparable.

WHEREFORE, Plaintiffs pray for judgment against the Defendant that:

a. Defendant, its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b. Defendant be required to pay Plaintiffs' actual damages and Defendant' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504, and 1203;

c. Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiffs be awarded pre- and post-judgment interest; and

e. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED: June 11, 2025              Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Global Weather Productions, LLC*